UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NAKEEB SIDDIQUE,

                                                    Plaintiff,         **COMPLAINT**

            -against-

                                               08 Civ. 4422 (DAB)

THE CITY OF NEW YORK, P.O. JOHN WINGATE,
SGT. OSVALDO DOMENACH, DET. TOMMY
SANABRIA, and P.O.s JOHN and JANE DOE #1-10,    **JURY TRIAL DEMANDED**
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                                    Defendants.

------------------------------------------------------------------------X

       Plaintiff NAKEEB SIDDIQUE, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

       2.     Plaintiff also asserts claims under the New York State Executive Law § 296 *et seq.* (the "NYS Human Rights Law") and the Administrative Code of the City of New York § 8-107 *et seq.* (the "NYC Human Rights Law").

### JURISDICTION

       3.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

5. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff NAKEEB SIDDIQUE is a Bengali-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, the individually named defendants P.O. JOHN WINGATE, SGT. OSVALDO DOMENACH, DET. TOMMY SANABRIA, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the individual police defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13. Each and all of the acts of the individual police defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

14. On August 24, 2005, at approximately 6:30 p.m., plaintiff NAKEEB SIDDIQUE was lawfully and properly attempting to enter the 57th Street station of the N/R/Q/W subway line, in the County, City and State of New York.

15. At aforesaid time and place, members of the New York City Police Department ordered plaintiff NAKEEB SIDDIQUE to submit to an inspection of the contents of his backpack.

16. Plaintiff NAKEEB SIDDIQUE chose not to submit to an inspection and instead attempted to leave the premises.

17. Under the protocol established by NYPD for its container inspection program, plaintiff NAKEEB SIDDIQUE should have been permitted to leave the premises.

18. Instead, defendants forcibly detained plaintiff NAKEEB SIDDIQUE.

19. Defendants searched plaintiff NAKEEB SIDDIQUE's backpack without his consent.

20. Defendants interrogated plaintiff NAKEEB SIDDIQUE about documents in his backpack, referring to them as "propaganda."

21. Defendants handcuffed plaintiff NAKEEB SIDDIQUE and took him into custody, despite defendants' knowledge that they lacked probable cause to do so.

22. Defendants transported plaintiff NAKEEB SIDDIQUE to the Midtown North Precinct of the New York City Police Department, in Manhattan, New York.

23. Defendants refused to remove plaintiff NAKEEB SIDDIQUE's handcuffs even after he was placed in a cell.

24. As a result of being handcuffed for too long, plaintiff NAKEEB SIDDIQUE sustained injuries to his wrists and shoulders.

25. At the precinct, plaintiff NAKEEB SIDDIQUE was interrogated repeatedly, primarily about his national origin and religion.

26. Plaintiff NAKEEB SIDDIQUE was held and detained in police custody for approximately eight hours.

27. Defendants initiated criminal proceedings against plaintiff NAKEEB SIDDIQUE despite defendants' knowledge that they lacked probable cause to do so.

28. On or about October 12, 2005, plaintiff NAKEEB SIDDIQUE accepted an Adjournment in Contemplation of Dismissal.

29. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff NAKEEB SIDDIQUE of the rights,

privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority and that is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiff NAKEEB SIDDIQUE was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff NAKEEB SIDDIQUE's liberty was restricted for an extended period of time, he was put in fear for her safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

41.     The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

42.     As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants issued legal process to place plaintiff NAKEEB SIDDIQUE under arrest.

45.     Defendants arrested plaintiff NAKEEB SIDDIQUE in order to obtain a collateral objective outside the legitimate ends of the legal process.

46.     Defendants acted with intent to do harm to plaintiff NAKEEB SIDDIQUE without excuse or justification.

### FIFTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff NAKEEB SIDDIQUE's constitutional rights.

49. As a result of the aforementioned conduct of defendants, plaintiff NAKEEB SIDDIQUE was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## FIRST AMENDMENT OF THE U.S. CONSTITUTION

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Plaintiff's arrest and detention was intended to, and did, chill plaintiff's right to free speech.

52. Plaintiff's arrest and detention was intended to, and did, chill plaintiff's right to assemble peaceably with others.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF EQUAL PROTECTION UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

54. Upon information and belief, plaintiff NAKEEB SIDDIQUE was singled out for arrest and interrogation based upon his national origin and/or ethnicity and/or religion.

55. In arresting and interrogating plaintiff NAKEEB SIDDIQUE, defendants violated plaintiff's right to equal protection and deprived him of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority and that is forbidden by the Constitution of the United States.

58. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, arresting and interrogating individuals, without probable cause, solely because they appeared to be of Middle Eastern descent, manufacturing false charges against such individuals, using excessive force against such individuals, and failing to follow NYPD's claimed protocol for its container inspection program.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff NAKEEB SIDDIQUE.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NAKEEB SIDDIQUE as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff NAKEEB SIDDIQUE as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff NAKEEB SIDDIQUE was unlawfully arrested, incarcerated, and interrogated.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff NAKEEB SIDDIQUE's constitutional rights.

## NINTH CLAIM FOR RELIEF
## NYS HUMAN RIGHTS LAW

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. In taking the above-referenced actions, defendants violated New York State Executive Law §§ 292 and 296, which prohibit discrimination on the basis of religion or national origin.

66. As a result of defendants' unlawful actions, plaintiff NAKEEB SIDDIQUE has suffered and continues to suffer physical injury, mental anguish, emotional distress and other compensable injuries.

## TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NYC HUMAN RIGHTS LAW

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. In taking the above-referenced actions, defendants violated the Administrative Code of the City of New York § 8-107(4), which prohibits discrimination on the basis of religion or national origin.

69. In taking the above-referenced actions, defendants acted knowingly and/or with malice and/or reckless indifference to plaintiff's statutorily-protected rights.

70. As a result of defendants' unlawful actions, plaintiff NAKEEB SIDDIQUE has suffered and continues to suffer physical injury, mental anguish, emotional distress and other compensable injuries.

71. All of the foregoing acts by defendants deprived plaintiff NAKEEB SIDDIQUE of federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause;

      C.      To be free from malicious abuse of process;

      D.      Not to have excessive force imposed upon him;

      E.      Not to have cruel and unusual punishment imposed upon him; and

      F.      To receive equal protection under the law.

72.    As a result of the foregoing, plaintiff NAKEEB SIDDIQUE is entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

**WHEREFORE**, plaintiff NAKEEB SIDDIQUE demands judgment in the sum of three million dollars ($3,000,000.00) in compensatory damages and three million dollars ($3,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
           May 11, 2008

                                        /s/
                                  ROSE M. WEBER (RW 0515)
                                  225 Broadway, Suite 1607
                                  New York, NY 10007
                                  (212) 748-3355